UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TOMMY NGO** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-7643** |
| | * | |
| **ESSEX INSURANCE COMPANY, ET AL.** | * | |
| | * | **SECTION "L"** |

## ORDER & REASONS

Before the Court is Plaintiff Tommy Ngo's Motion To Remand (Rec. Doc. No. 10). For the following reasons, the Motion is GRANTED.

### I.    BACKGROUND

This case arises out of an insurance dispute over damages caused by Hurricane Katrina. Plaintiff Tommy Ngo filed the instant suit on August 29, 2007, in Civil District Court, Parish of Orleans, against Essex Insurance Company ("Essex"), John-Hoa Nguyen ("Nguyen"), People's Realty, Inc. ("People's Realty"), and E&O Insurer ("E&O") (Rec. Doc. No. 1). The Plaintiff requests damages from Nguyen, People's Realty, and their insurer, E&O, as a result of Nguyen's failure to procure proper inspections of property purchased by the Plaintiff, while informing the Plaintiff otherwise. The Plaintiff seeks damages and penalties from Essex for breach of insurance contract and breach of duty of good faith and fair dealing.

This suit centers around the Plaintiff's property, purchased through Nguyen and insured by Essex, which suffered damage from Hurricane Katrina. Nguyen, owner of People's Realty, served as the Plaintiff's real estate agent in the purchase of the commercial property located at 1200 S. Carrollton Avenue, New Orleans, Louisiana. According to the Plaintiff, among Nguyen's agreed responsibilities as real estate agent for the Plaintiff was the procurement of

inspections of the property and its appurtenances prior to purchase. After the Plaintiff was informed by Nguyen that the inspections of the property had been completed, Plaintiff purchased the property on July 14, 2005.

On August 29, 2005, Hurricane Katrina damaged the property. At the time of the damage, the property was insured by Essex under an all-risk, commercial insurance policy. Accordingly, the Plaintiff filed a claim with Essex seeking payment to repair the property, including the property's elevator. Essex responded with a request for proof that the elevator system had been in working condition prior to the storm. The Plaintiff, in turn, requested inspection documentation from Nguyen, and later the inspection company, the latter of which informed the Plaintiff that the elevator had never been inspected. Presently, the Plaintiff alleges that Essex has made insufficient or no payments to the Plaintiff under the insurance policy due to the fact that Nguyen did not procure an inspection of the elevator.

On October 30, 2007, Essex removed the instant case to this Court on grounds that Nguyen, People's Realty, and E&O were improperly joined. The Plaintiff, Nguyen, and People's Realty are all citizens of Louisiana; Essex is a citizen of Delaware.[1] Accordingly, under Essex's argument, if the non-diverse defendants, Nguyen and People's Realty, are not proper parties to the dispute, there exists diversity of citizenship along with the requisite amount in controversy[2] for federal subject matter jurisdiction (Rec. Doc. No. 1). Specifically, Essex argues that joinder was improper because the claims against the parties share no substantial questions of law or fact, the alleged liability against the parties is dissimilar, and the parties are

---

[1] The citizenship of E&O is presently undetermined.

[2] According to Essex, the amount in controversy exceeds $75,000 because the Essex policy limits alone are $776,000.

not solidarily liable.

Presently before the Court is the Plaintiff's motion to remand the instant case to the Civil District Court, Parish of Orleans (Rec. Doc. No. 10).  The Plaintiff argues that removal is improper because pursuant to 28 U.S.C. § 1441, removal to federal court requires complete diversity between the parties, which does not exist in the instant case as parties on both sides of the dispute are Louisiana citizens.  Furthermore, the Plaintiff argues that the parties have not been improperly joined because the claims against Essex and the other defendants are sufficiently interrelated.

## II.     LAW & ANALYSIS

Pursuant to the federal removal statute, 29 U.S.C. § 1441, subsection (b), with regard to a suit that does not arise under a question of federal law, "such action shall be removable only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought" (emphasis added).  In fact, this Court is statutorily prohibited from exercising jurisdiction over a suit in which any party has been improperly joined to manufacture federal diversity jurisdiction.  *See* 28 U.S.C. § 1359.

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  Typically, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Moreover, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

"The burden of proving fraudulent joinder is a heavy one," of which is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). Generally, the removing party can satisfy this burden of proving either, one, that there has been outright fraud in the Plaintiff's pleading of jurisdictional facts, or, two, that there is no possibility that the Plaintiff would be able to establish a cause of action against the in-state defendant in state court. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

However, Essex has not provided evidence for, or raised, either of the preceding arguments in support of removal; rather, Essex claims that the joinder of Nguyen and People's Realty constitutes a third type of fraudulent joinder, that identified in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott*, the Eleventh Circuit recognized a third type of fraudulent joinder in addition to showing actual fraud in the pleading jurisdictional facts and the inability of the plaintiff to establish a cause of action against the non-diverse defendant. The Eleventh Circuit held that the "egregious" misjoinder of parties that have no real connection to each other, as opposed to "mere" misjoinder, can constitute improper joinder. *Id*. Although the Fifth Circuit has yet to explicitly adopt the third type of improper joinder in *Tapscott*, it has appeared to adopt the doctrine in both *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002), and *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). *See Accardo v. Lafayette Ins. Co.*, 2007 WL 325368, *2-3 (E.D. La. Jan. 30, 2008).

In order to determine whether a *Tapscott* improper joinder has occurred, state joinder law should be applied. *See Turner v. Murphy Oil USA, Inc.*, 2007 WL 2407310, *6 (E.D. La. Aug. 20, 2007). Accordingly, the application of Louisiana joinder rules is appropriate in the instant case. *Id.* Article 463 of the Louisiana Code of Civil Procedure states,

>Two or more parties may be joinded in the same suit, either as Plaintiffs or as defendants, if:
>
>(1) There is a community of interest between the parties joined;
>
>(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
>(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

At issue in the instant case is Subsection (1), whether there is a community of interest between the parties joined (Rec. Doc. No. 15).[3] A "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Turner*, 2007 WL 2407310, *6 (citing *Mauberret-Lavie v. Lavie*, 850 So.2d 1, 2 (La. Ct. App. 2003). Even where Plaintiffs have filed distinct claims involving different legal theories against joined defendants, so long as the claims arise out of the same set of facts and will involve similar evidence, this Court has found that *Tapscott* fraudulent misjoinder does not exist. *See id.* (citing *Miller v. Commercial Union Cos.*, 305 So.2d 560, 562-63(La. Ct. App. 1974); *see also Dufrene v. Hanover Ins. Co.*, 2007 WL 4180584, *1 (E.D. La . Nov. 21, 2007).

In the instant case, the Plaintiff has filed distinct claims against Essex and against Nguyen, People's Realty, and E&O. However, these differences do not defeat proper joinder. All claims arise out of the Plaintiff's purchase and ownership of a single piece of property, specifically, the elevator on that property. Further, the questions of whether the elevator inspections were procured properly by Nguyen, the actual condition of the elevators before and after the storm, and whether Essex properly denied the Plaintiff's claim for the elevator damage

---

[3]The parties do not dispute that Subsection (2) and (3) are satisfied.

will necessarily involve similar evidence. Accordingly, under Louisiana law, Essex has not sustained its burden of showing that the joinder of all defendants in the instant case arises to "egregious misjoinder" rather than "mere misjoinder" as required for fraudulent misjoinder under *Tapscott*.

### III.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Remand is GRANTED. This case is remanded to Civil District Court, Parish ofOrleans, State of Louisiana.

New Orleans, Louisiana, this 9th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE